(163 App. Div. 504)

EAGAN v. COMMERCIAL TRUST CO. OF NEW YORK.  (No. 5975.)

(Supreme Court, Appellate Division, First Department.  July 10, 1914.)

1. TRIAL (§ 356*)—GENERAL VERDICT—OPERATION AND EFFECT.

A judgment on a general verdict for plaintiff could not be sustained unless the evidence was sufficient to warrant the jury in finding for plaintiff as to both questions of fact submitted to them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 849–854; Dec. Dig. § 356.*]

2. LANDLORD AND TENANT (§ 209*)—ASSIGNMENT OR SUBLEASE.

Under a lease dated August 25, 1903, stating that it was for 21 years, commencing on the date thereof and ending November 1, 1924, and providing that the lessee might hold possession from the date thereof until November 1, 1903, rent free, the term would not end until November 1, 1924, notwithstanding the reference to the term as 21 years, and hence a sublease until October 1, 1924, was not equivalent to an assignment, and an assignee of the sublease was not liable for the rent reserved in the original lease, even though he took possession of the property or exercised dominion or control over it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

3. LANDLORD AND TENANT (§ 209*)—LIABILITY FOR RENT—ESTOPPEL.

That the assignee of a sublease casually remarked to the original lessor's agent, not in response to any inquiry by him, that he would take over the lessee's interest and go on with it, and that subsequently, when informed by the agent that the taxes were unpaid, he promised to attend to it, and subsequently sent the agent a receipt for taxes paid by such assignee, did not estop the assignee to deny that it was an assignee of the original lease, and as such liable for the rent reserved in the original lease, where the original lessor knew that the assignment was to secure an indebtedness, and could have ascertained the interest of the assignee by examining the records; the sublease being recorded.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

Action by Emma J. Eagan against the Commercial Trust Company of New York.  From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Henry Amerman, of New York City (Arthur H. Slack, of New York City, on the brief), for appellant.

George E. Morgan, of New York City, for respondent.

LAUGHLIN, J.  This is an action to recover rent due and owing to the plaintiff under a lease of premises No. 17 West Thirty-Fifth street, borough of Manhattan, New York, made between the plaintiff and one Joseph Kornhauser under date of August 25, 1903, and taxes which became due and payable by the lessee, for which rent and taxes the plaintiff seeks to hold the defendant, on the theory that it became liable therefor by virtue of having taken an assignment of the lease and having entered into possession thereunder.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The trial court ruled as matter of law that the defendant was an assignee of the lease for the balance of the term, and left it to the jury to determine whether or not the defendant entered into either actual or constructive possession of the premises, instructing the jury that if it did it was liable. The court also left it to the jury to determine whether or not the defendant led the plaintiff to believe that it had taken an assignment of the lease, and instructed them that if it had, and the plaintiff acted thereon to her prejudice, defendant was liable on the theory of estoppel. Only a general verdict was rendered, and, therefore, the judgment cannot be sustained unless the evidence was sufficient to warrant the jury in finding in favor of the plaintiff on both propositions left to them as questions of fact.

[2] The ruling of the trial court that the defendant was an assignee of the lease was predicated on an erroneous construction of the lease with respect to the term thereof. It is recited in the first sentence of the lease that it was made on the 25th day of August, 1903, and it was expressly provided that the premises were granted, demised, and leased to Kornhauser "for the term of twenty-one years commencing on the day of the date hereof, and ending on the first day of November, one thousand nine hundred and twenty-four," for the yearly rental of $3,500 for the first seven years, $4,500 for each of the following seven years, and $4,857.14 a year for the remaining seven years, "payable in equal monthly payments in advance on the 1st day of each month in each year of the said term." It was expressly provided that the lessee should be permitted to enter upon the premises—

"upon the day of the date hereof and shall hold the same, rent free, until the first day of November, 1903; but the party of the second part shall pay the rent for the said month of November, 1903, upon the execution of this lease."

The lease was not assignable without the consent of the lessor. I regard it as perfectly plain that the term for which the lease was to end is, as is therein stated, the 1st day of November, 1924, and that the specification of the term of 21 years was made with reference to the term for which the lessee was to pay rent, and that the period between the date of the lease and the 1st day of November of the year in which it was made was covered by the express provision permitting the lessee to enter on the date of the lease, and to occupy the premises, rent free, until the 1st day of November thereafter, when the term for the 21 years really commenced. The defendant did not intend to take an assignment of the lease; and, since the lease was not to expire until the 1st day of November, 1924, it is equally plain on the uncontroverted facts that it did not take an assignment thereof. The contention that defendant took an assignment is based upon an erroneous construction to the effect that the term was to expire on the 25th day of August, 1924.

On the 14th day of July, 1908, the lessee was indebted to the defendant in about the sum of $7,000, and was desirous of obtaining a further loan of $1,236.37 to pay taxes for which he was liable upon the leasehold premises. The defendant evidently desired security, and on that day the lessee executed a sublease of the premises to his wife, Jennie Kornhauser, for the term of 16 years, 2 months, and 17 days, com-

mencing on that day and ending, according to the express terms of the sublease, on the 1st day of October, 1924; and on the same day Jennie Kornhauser executed an assignment of the sublease to the defendant as security for a loan of $8,400 to her and to her husband, and as security for any further loan that it might make to him or to her, and authorized it "to immediately or at any time hereafter enter into possession of the premises," and receive the rents and income thereof, or to sell and assign the sublease either at public or private sale and apply the proceeds to the amount then due from her to the defendant. The sum specified in the assignment represented the amount of her husband's indebtedness to the bank, together with interest and the amount it was to advance for taxes. On the 17th day of January, 1913, the plaintiff obtained a precept from the Municipal Court of the city of New York, borough of Manhattan, Ninth District, addressed to Kornhauser, his wife and to the defendant as tenants, and to certain undertenants, in the usual form, requiring them to remove or show cause, on the 21st of January, 1913, why possession of the premises should not be awarded to the landlord. In the petition for the precept the plaintiff showed that the original lessee was in possession, and that the lease expired on the 1st day of November, 1924, and that this defendant had, or claimed to have, *an interest* in the lease by reason of an assignment to it thereof as collateral security for a loan to the lessee and to his wife. The defendant did not appear in the dispossess proceedings, and a warrant in the usual form was issued on the return of the precept. This action is for rent and taxes due and owing prior to that time under the lease made by plaintiff to Kornhauser.

The theory of the plaintiff is that the sublease was for the entire term, and that therefore it was equivalent to an assignment, which would render the defendant liable if it took possession of the property or exercised dominion or control over it. See Stewart v. Long Island Railroad Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844; Levy v. Long Island Brewery, 26 Misc. Rep. 410, 56 N. Y. Supp. 242. It was incumbent, therefore, upon the plaintiff to establish, both that the defendant took an assignment of the lease, and that it entered into possession of the property. Since, as we construe the lease, the sublease was not for the entire term, it is immaterial whether or not the defendant entered into possession, for its possession, if any, was as assignee of the sublease, and not as assignee of the original lease. The views already expressed require a reversal; but it becomes necessary to consider the plaintiff's claim that the defendant is estopped from denying that it was the assignee of the lease in order to decide whether a new trial should be granted.

[3] The alleged estoppel is based on a conversation between the plaintiff's husband, who was her agent and acted for her in her business matters, and Mr. Moore, the president of the defendant. The plaintiff's husband was a depositor with the defendant, and was acquainted with its president. He testified that in the early part of the year 1908, on an occasion when he was at the bank, Mr. Moore said that the lessee owed the bank money, and he had looked at the prop-

erty and thought well of it, and "that he, Moore, would take over" the lessee's interest "and go on with it"; that on a subsequent occasion when the taxes were unpaid, he spoke to Mr. Moore about it, and the latter said "it would be attended to," and that thereafter he received a receipt for taxes, showing that they had been paid by the defendant; that in January, 1913, he informed Moore over the telephone that a tenant had notified him that the premises were without coal, and that he could not remember Moore's answer. Counsel for the plaintiff then endeavored to show by the witness that, acting for plaintiff, he relied on these statements made by Mr. Moore, and delayed taking dispossess proceedings after rent and taxes were due and unpaid. Some of the questions were answered, but the court sustained objections to others. The answers received tended to show that the plaintiff felt secure, and expected that the bank would make the payments; but it also appears that the plaintiff's husband was advised that if she sued the bank, it could leave the sublessee in possession for the remainder of the term. The testimony given by plaintiff's husband on the question of estoppel was controverted by the testimony of Moore; but, for the purpose of the question now under consideration, the plaintiff is entitled to the most favorable view of the evidence.

We are of opinion that it was wholly insufficient to constitute an estoppel, or to warrant the plaintiff in refraining from taking dispossess proceedings or other action, on the theory that the bank had become an assignee of the lease. The original statement was apparently casually made, and not in answer to any inquiry in behalf of the plaintiff. The subsequent statements were quite consistent with the position the bank takes now. It had a right, by virtue of the assignment, to collect the rents and to apply them on the indebtedness for which the assignment was taken as security. The plaintiff had no reason to believe that the defendant had taken an assignment of the lease. She knew perfectly well that, whatever its interest was, it was taken with a view, not to becoming a tenant, but to secure the original lessee's indebtedness to it, and she could have so ascertained on inquiry and by examining the records, for the sublease was recorded the second day after its date. Inasmuch as there was no evidence to go to the jury upon either theory, the court erred in denying defendant's motion for a direction of a verdict.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur.